SCOTT SCHOOLS (SCBN 9990)
United States Attorney

BRIAN STRETCH (CSBN 163973)
Chief, Criminal Division

DENISE MARIE BARTON (MABN 634052)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7359
    Facsimile: (415) 436-7234

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 07-0055 JSW |
|     Plaintiff, | ) ) ) | **UNITED STATES' SENTENCING MEMORANDUM FOR DEFENDANT SERGIO RAMOS-GARCIA** |
| v. | ) ) | |
| SERGIO RAMOS-GARCIA, | ) ) | Sentencing Date: October 31, 2007 |
|     Defendant. | ) ) ) | Time: 2:15 pm  Courtroom: 8, 19th Floor  Hon. Charles R. Breyer |

    The defendant, Sergio Ramos-Garcia, has been deported from the United States fourteen times. Notwithstanding these numerous deportation orders and his prior convictions for Illegal Entry in violation of 8 U.S.C. § 1325 and Illegal Re-Entry After Deportation in violation of 8 U.S.C. § 1326, the defendant continues to re-enter the United States in violation of court orders and commit crimes in this community. Recognizing the defendant's failure to be deterred by his prior convictions and flagrant disregard for the 14 deportation orders, as well as his limited criminal history and early guilty plea in these proceedings, the United States recommends a 12 month Guideline-range sentence. The Government submits that a sentence of 12 months is "sufficient, but not greater than necessary" to effect the purposes of sentencing. See 18 U.S.C. § 3553(a).

//

**PROCEDURAL HISTORY**

On October 24, 2007, the defendant Sergio Ramos-Garcia pled guilty to Count I of the above-captioned indictment, a violation of 8 U.S.C. § 1326, Illegal Re-Entry After Deportation. That same day, the defendant requested an expedited sentencing date. The parties represented to the Court that they were in agreement that the applicable Adjusted Offense Level was Level 10 and believed the defendant's Criminal History to be Category II or Category III. The Court directed the Probation Department to prepare a report detailing the defendant's criminal history and set the matter for October 31, 2007 for sentencing.[1] The Probation Department determined that the defendant's Criminal History Category was Category III. At Adjusted Offense Level 10 and Criminal History Category III, the defendant's sentencing range is 10-16 months.

**ARGUMENT**

As the Court is well aware, the Sentencing Guidelines are no longer binding in the wake of the Supreme Court's decision in *Booker*. Rather, this Court is to consider the Guidelines along with the other factors set forth in Title 18, United States Code, section 3553(a) to fashion a sentence that is sufficient, but no harsher than necessary, to comply with the purposes of sentencing. As set forth in *United States v. Mix*, 457 F.3d 906, 911 (9th Cir. 2006), the District Court must correctly analyze the Guidelines and then take into account the factors set forth in section 3553. Although the Guidelines are not binding, "it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives." *United States v. Rita*, 127 S. Ct. 2456, 2464 (2007). Analysis of the Guidelines and the section 3553 factors in this case demonstrates that the 12 month sentence range recommended by the Government is a reasonable and appropriate one in this case and for this defendant.

//

---

[1] Probation Officer Jacqueline Sharpe promptly prepared the Modified Presentence Investigation Report and provided the Report to the parties on October 30, 2007. In light of the expedited sentencing, the United States was not able to comply with Local Rule 32-5(b), which requires the filing of any sentencing memorandum 7 days before the date set for sentencing. However, upon receipt of this Report and determining the appropriate Criminal History Category, the United States now files this Sentencing Memorandum.

A. <u>Guidelines Range</u>.

The Base Offense Level for a violation of 8 U.S.C. § 1326, Illegal Re-Entry After Deportation, is Level 8. U.S.S.G. § 2L1.2(a). The defendant, having been previously convicted of a felony, is also subject to 4 points for this Specific Offense Characteristic. U.S.S.G. § 2L1.2(b)(1)(D). Further, the defendant also entitled to a deduction of 2 points for Acceptance of Responsibility. U.S.S.G. § 3E1.1. Accordingly, the Adjusted Offense Level is Level 10. At Criminal History Category III, the applicable Guideline range for Adjusted Offense Level 10 is 10-16 months.

B. <u>Nature and Circumstances of the Offense and the History and Characteristics of the Defendant</u>.

In February 1995, the defendant was convicted in the District of Arizona of Illegal Entry in violation of 8 U.S.C. § 1325 and sentenced to 45 days incarceration. Thereafter, apparently not deterred by his Illegal Entry conviction, the defendant was deported on 14 separate occasions - 10/2/96; 7/25/97; 2/27/01; 3/6/03; 7/31/03; 10/03/03; 10/28/03; 11/23/03; 1/25/04; 1/28/04; 3/25/04; 4/1/04; 4/28/04 and 10/29/04. In September 2004, shortly before his last deportation, the defendant was convicted of Illegal Re-Entry After Deportation in violation of 8 U.S.C. § 1326 and sentenced to 3 months incarceration.

Notwithstanding these orders of deportation and convictions for same conduct to which he now pleads guilty, the defendant continued to re-enter the United States and re-offend. As set forth in section 3553(a)(1), in imposing a sentence, this Court should consider the nature and circumstances of the offense and the history and characteristics of the defendant. The United States recognizes that the defendant's criminal history is minimal in comparison to many other defendants who have appeared before this court. However, this Court should, in sentencing this defendant, consider that this defendant has repeatedly violated administrative and court orders and been undeterred to date to comply with either immigration laws or criminal laws governing aliens. Further, this defendant was only found by Immigration and Customs Enforcement due to his commission of another crime in the community and subsequent incarceration.

Although this defendant did plead guilty at his first appearance, the United States cannot recommend a low-end - 10 month - sentence in light of this defendant's history.  In recommending a 12-month sentence, the United States has taken into consideration the defendant's criminal and immigration history, his early acceptance of responsibility, and the nature and circumstances of this offense.

### C. The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment.

As set forth in 18 U.S.C. § 3553(a)(2)(A), the Court must also consider the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.  As noted above, the Defendant's actions demonstrate a repeated lack of respect for the law, as shown by his continued re-entries into the United States after deportation, commission of state offenses, and repeated violation of probation on one of those offenses.  For these reasons and those set forth above, a sentence of 12 months reflects the seriousness of the offense, the Defendant's apparent lack of respect for the law, and represents just punishment for this offense.

### D. The Need To Afford Adequate Deterrence to Criminal Conduct.

Section 3553(a)(2)(B) requires this Court to take into account the need to provide adequate deterrence to criminal conduct.  Notwithstanding his prior deportation and convictions, the defendant was not deterred from criminal behavior.  It is hoped that a sentence of 12 months - 9 months more than his prior sentence of incarceration for Illegal Re-Entry after Deportation - will be significant to the Defendant and sufficient, but not greater than necessary, to impress upon the Defendant that continuing to re-enter this country in violation of deportation orders will lead to nothing but further imprisonment, with even longer sentences in the future.

//
//
//

**CONCLUSION**

The Guidelines range and the sentencing factors under § 3553(a) support the recommendation of the Government. Defendant repeatedly chose to re-enter the United States notwithstanding deportation orders and upon re-entry, engaged in new criminal conduct. A 12-month sentence and 3 years supervised release should be sufficient to provide just punishment for this offense and demonstrate to the Defendant that engaging in similar repeated criminal behavior, including re-entry into the United States, in the future will only lead to more unpleasant consequences.

DATED: October 30, 2007                    Respectfully submitted,

                                              SCOTT SCHOOLS
                                              United States Attorney

                                              _____/s/_____
                                              DENISE MARIE BARTON
                                              Assistant United States Attorney